**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Richard Bicket, | ) | No. CV-07-0855-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| American General Life Insurance Company, | ) | |
| Defendant. | ) | |

The court has before it plaintiff's motion for reconsideration (doc. 44) of our order dated September 17, 2008 (doc. 38).

Plaintiff raises two points. First, he argues that we relied on an incorrect statement of the law to determine that the alleged oral modification to his retirement agreement was required to be in writing under the statute of frauds.[1] Second, he argues that the statute of frauds should not apply because he materially changed his position in reliance on the defendant's alleged promise.

Relying primarily on 4 Arthur L. Corbin, Joseph M. Perillo, John E. Murray, Jr., et al., Corbin on Contracts § 13.3 (rev. ed. 2007), plaintiff claims that an oral modification to a written agreement is enforceable so long as the modified terms do not fall under the statute

---

[1] Plaintiff also intimates that the court considered an argument in defendant's reply that had not been made in earlier briefing. The court relied only on the statute of frauds in its decision. This argument had been raised by defendant in all of its papers.

1 of frauds. <u>Motion for Reconsideration</u> at 5. Plaintiff argues that the court incorrectly
2 determined that the alleged oral modification to the retirement agreement is unenforceable
3 because the terms of the modification are not covered by the statute of frauds. <u>Id.</u> at 8. We
4 disagree.

5 We first note that <u>Corbin on Contracts</u> is not binding authority in this jurisdiction.
6 Even if we follow the approach suggested by plaintiff, his argument fails. In plaintiff's view,
7 defendant's only material responsibility under the alleged oral modification was to calculate
8 plaintiff's retirement benefits using alternative production numbers. And because this could
9 be completed within one year, the alleged oral modification does not fall within the statute
10 of frauds. Plaintiff's argument ignores, however, that the sole purpose of the calculation is
11 to determine benefits that will be paid over either a ten or fifteen-year period. Computation
12 of the proper amount of benefits cannot be viewed as a single act in isolation but only as part
13 of an agreement to pay those benefits over many years, which is within the statute of frauds.

14 As to full performance, plaintiff cites cases and treatises that address only whether the
15 subject of an oral modification is within the statute of frauds. Plaintiff does not provide any
16 law establishing that only the modified terms should be considered to determine if a party has
17 fully performed under an agreement. The very section of <u>Corbin on Contracts</u> cited by the
18 plaintiff makes clear that, "the terms of the new agreement are partly to be found in the old
19 agreement and partly in the new." 4 <u>Corbin on Contracts</u> § 13-3 at 123-24.

20 We also reject plaintiff's argument that the modification need not be in writing
21 because he materially changed his position in reliance. As we stated in our September 17
22 order, a reasonable fact finder could not find that plaintiff's actions were unequivocally
23 attributable to the alleged oral agreement. <u>Owens v. M.E. Schepp Ltd. P'ship</u>, 218 Ariz. 222,
24 182 P.3d 664, 668 (2008). Also, equitable estoppel requires more than the loss of the
25 benefits of the alleged agreement. <u>Custis v. Valley Nat'l Bank of Phoenix</u>, 92 Ariz. 202, 207,
26 375 P.3d 558, 562 (1962). The plaintiff has failed to show any loss other than the benefits
27 of the alleged agreement.

28

1   Therefore, **IT IS ORDERED DENYING** plaintiff's Motion for Reconsideration (doc.
2   44).
3   DATED this 8th day of October, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -